UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ALBERT LEE BROWN, JR., by MYRON WILKERSON, SR., Power of Attorney and next friend, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:11-cv-39-RLY-WGH |
| UNITED STATES OF AMERICA, FEDERAL BUREAU OF INVESTIGATION, FLOYD COUNTY SHERIFF'S DEPARTMENT, SHERIFF DARRELL W. MILLS OF THE FLOYD COUNTY SHERIFF'S DEPARTMENT, and NEW ALBANY POLICE DEPARTMENT, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON FEDERAL DEFENDANTS' MOTION TO DISMISS**

Plaintiff alleges that on September 23, 2012, he was at his residence when multiple, unspecified law enforcement officers from the Federal Bureau of Investigation ("FBI"), the Floyd County Sheriff's Department, the Indiana State Police Department, and the New Albany Police Department, threw an explosive device through his front door and entered his residence. (Complaint ¶¶ 3-4). Plaintiff also alleges that the unnamed officers used excessive force in handcuffing/subduing him, and by leaving behind an unexploded device known as a "flash bang" when the officers left. (*Id.* ¶¶ 3, 6).

Plaintiff filed the present Complaint on March 11, 2011, against the United States

of America, the FBI, the Indiana State Police Department[1], the Floyd County Sheriff's Department, Sheriff Darrell W. Mills of the Floyd County Sheriff's Department, and the New Albany Police Department under 42 U.S.C. § 1983 ("Section 1983") for violations of his Fourth Amendment rights (Count I) and for denial of his due process rights under the Fourteenth Amendment (Count II). The United States of America and the FBI (collectively "the Federal Defendants") now move to dismiss[2] Plaintiff's Complaint against them for lack of jurisdiction and for failure to state a claim. The Federal Defendants contend that they are entitled to sovereign immunity, and that Plaintiff failed to exhaust his administrative remedies prior to filing suit. The Federal Defendants are correct.

"The United States, as sovereign, is immune from suit save as it consents to be sued." *Hercules, Inc. v. United States*, 516 U.S. 417, 422 (1996) (alterations and quotation marks omitted). The bar of sovereign immunity "applies alike to causes of action arising under acts of Congress, and to those arising from some violation of rights conferred upon the citizen by the Constitution." *Lynch v. United States*, 292 U.S. 571,

---

[1] The court dismissed the Indiana State Police as a party defendant on July 20, 2011.

[2] This motion was styled as a Motion to Dismiss or in the Alternative Motion for Summary Judgment. In addressing whether Plaintiff failed to exhaust his administrative remedies, the court cited to the Affidavit of Catherine R. Burton. The court may "look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *See Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation marks and citations omitted). Because the court cited to the Affidavit of Catherine R. Burton solely to determine whether subject matter jurisdiction does, in fact, exist, the court treats this motion as a Motion to Dismiss.

582 (1934) (citations omitted); *Bartlett v. Bowen*, 816 F.2d 695, 722 (D.C. Cir. 1987). The burden is on the party asserting jurisdiction – here, the Plaintiff – to establish that a waiver of sovereign immunity encompasses his claims. *Lundeen v. Mineta*, 291 F.3d 300, 304 (5th Cir. 2002). There is no allegation in the Complaint, nor any evidence to show, that the United States consented to suit. Accordingly, the Federal Defendants are immune from the present action, and the action must be dismissed for failure to state a claim. *See Wisconsin Valley Improvement Co. v. United States*, 569 F.3d 331, 333-34 (7th Cir. 2009) (holding that sovereign immunity is not a jurisdictional doctrine).

To the extent Plaintiff asserts tort claims against the FBI, the Federal Tort Claims Act ("FTCA") applies. "The FTCA is a limited waiver of the sovereign immunity of the United States and imposes liability 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Warrum v. United States*, 427 F.3d 1048, 1049-50 (7th Cir. 2005) (citing 28 U.S.C. § 1346(b)(1)). An FTCA claim may not be instituted against the United States until the plaintiff has presented a claim to the appropriate federal agency within two years of the injury, and the agency has denied the claim or has failed to issue a final decision within six months of the date that the claim was presented. 28 U.S.C. § 2401(b). Here, Plaintiff filed suit before a final administrative decision was issued or six months had passed after he presented his claim to the agency. (Declaration of Catherine R. Burton ¶¶ 3, 5-9). Plaintiff, therefore, failed to exhaust his administrative remedies prior to filing suit, and his suit must therefore be dismissed for lack of subject

3

matter jurisdiction. *Frey v. E.P.A.*, 270 F.3d 1129, 1135 (7th Cir. 2001). Accordingly, for the reasons stated in this Entry, the Federal Defendants' Motion to Dismiss (Docket # 28) is **GRANTED**.

**SO ORDERED** this 16th day of February 2012.

								_____
								RICHARD L. YOUNG, CHIEF JUDGE
								United States District Court
								Southern District of Indiana

Electronic Copies to:

Wade J. Hornbacher
INDIANA ATTORNEY GENERAL
wade.hornbacher@atg.in.gov

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP
jlowe@k-glaw.com

Mark Kelly Phillips
MARK K. PHILLIPS, ATTORNEY AT LAW, P.C.
markphillipslawyer@yahoo.com

Aaron R. Raff
INDIANA ATTORNEY GENERAL
aaron.raff@atg.in.gov

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov